In the Matter of GLORIA FLINT (nee GLORIA BRIEGER), Appellant, v. ARTHUR R. BRIEGER, Respondent. (And Two Other Proceedings.) — In a consolidated proceeding in the Family Court, Suffolk County, between the divorced parents of two infant children (a son and a daughter), involving: (a) an application, pursuant to article 4 of the Family Court Act, for support of the daughter; and (b) two habeas corpus proceedings for custody and visitation rights as to each child, respectively, the mother of the children appeals as follows from three orders of said court: (1) from so much of an order dated August 7, 1964 as denied her writ of habeas corpus for the custody of the son; (2) from so much of an order dated August 7, 1964 as provided for the father's right to visit his daughter; and (3) from so much of an order dated July 7, 1964 as failed to make retroactive the direction that the husband shall pay $20 a week for the support of the daughter who was in the mother's custody. Orders, insofar as appealed from, affirmed, without costs. The evidence justified the determinations as to custody and visitation. Although the parents were divorced in the State of Georgia, the support proceeding was not instituted pursuant to section 461 of the Family Court Act to enforce a provision of a foreign decree requiring support of a child. Nor was there any request to make the

award of support retroactive. In our opinion, under all the circumstances here shown, the court did not commit reversible error in failing to make retroactive its award of support. Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.